1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

8

WALTER BEEBE & JUDITH BEEBE,

2:13-CV-311 JCM (GWF)

9

Plaintiff(s),

10

v.

11

12

FEDERAL NATIONAL MORTGAGE
ASSOCIATION & BANK OF
AMERICA,

13

14

Defendant(s).

15

16

**ORDER**

17      Presently before the court is defendant Federal National Mortgage Association's motion to

18  dismiss. (Doc. # 4). Plaintiffs Judith and Walter Beebe filed a response in opposition (doc. # 13),

19  and defendant Federal National Mortgage Association filed a reply (doc. # 15).

20      Also before the court is defendant Bank of America's motion to dismiss. (Doc. # 9).

21  Plaintiffs filed a response in opposition (doc. # 14), and defendant Bank of America filed a reply

22  (doc. # 17).

23  **I.      Background**

24      Plaintiffs filed this mortgage and foreclosure related lawsuit in state court, and defendants

25  removed to this court. There are virtually no facts alleged in the complaint and the causes of action

26  are not listed or even identified. The court relies heavily on judicially recognized, authenticated,

27

28

**James C. Mahan**
**U.S. District Judge**

1  exhibits.[1]

2      Plaintiffs purchased property located at 83 E. Agate, building 18, # 205, Las Vegas, Nevada,

3  89123.  The plaintiffs executed a note secured by a deed of trust promising to repay $132,913 in

4  monthly installments.

5      On December 12, 2012, an assignment of the deed of trust was recorded by Mortgage

6  Electronic Registration Systems, Inc. ("MERS") as nominee for Countrywide Home Loans, Inc. in

7  favor of Bank of America, N.A.  It appears that plaintiff is challenging the assignment and

8  securitization of the note and quiet title.

9  **II.     Legal Standard**

10     A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can

11  be granted."  Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "[a] short and plain

12  statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *Bell*

13  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual

14  allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements

15  of a cause of action."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted).  "Factual

16  allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555.  Thus,

17  to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim

18  to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

19     In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when

20  considering motions to dismiss.  First, the court must accept as true all well-pled factual allegations

21  in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950.

22  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not

23  suffice. *Id*. at 1949. Second, the court must consider whether the factual allegations in the complaint

24  allege a plausible claim for relief. *Id*. at 1950.  A claim is facially plausible when the plaintiff's

25

26     [1]  The court judicially recognizes the deed of trust and the assignment of the deed of trust.  *See Intri-Plex*

27  *Technology, Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) ("A court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment as long as the facts are not

28  subject to reasonable dispute.").

**James C. Mahan**
**U.S. District Judge**                                                            - 2 -

1  complaint alleges facts that allows the court to draw a reasonable inference that the defendant is

2  liable for the alleged misconduct.  *Id*. at 1949.

3      Where the complaint does not "permit the court to infer more than the mere possibility of

4  misconduct, the complaint has alleged, but it has not shown, that the pleader is entitled to relief."

5  *Id*. (internal quotations and alterations omitted).  When the allegations in a complaint have not

6  crossed the line from conceivable to plausible, plaintiff's claim must be dismissed.  *Twombly*, 550

7  U.S. at 570.

8      The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202,

9  1216 (9th Cir. 2011). The *Starr* court stated, "First, to be entitled to the presumption of truth,

10 allegations in a complaint or counterclaim may not simply recite the elements of a cause of action,

11 but must contain sufficient allegations of underlying facts to give fair notice and to enable the

12 opposing party to defend itself effectively. Second, the factual allegations that are taken as true must

13 plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to

14 be subjected to the expense of discovery and continued litigation." *Id.*

15 **III.    Discussion**

16

17     As an initial matter, the court acknowledges that the complaint was filed *pro se*. (*See* doc.

18 #1, ex. A, 2). Documents filed pro se are held to less stringent standards. *Erickson v. Pardus*, 551

19 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint,

20 however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted

21 by lawyers.") (internal quotations and citations omitted). However, "pro se litigants in the ordinary

22 civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v.*

23 *Filler*, 790 F.2d 1362, 1364 (9th Cir.1986).

24     Plaintiffs' complaint is so deficient that the defendants' motions to dismiss do not even

25 construe the complaint to assert the same causes of action.  Each motion to dismiss argues against

26 different causes of action than the other.  Neither defendant can ascertain the allegations in the

27 complaint, nor can the court. The complaint does not contain sufficient allegations to give fair notice

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1    and enable the defendants to defend themselves.

2         The plaintiffs' responses do not clarify the issue.  The responses quote the Federal Rules of

3    Civil Procedure, but do not allege a specific claim for relief.  The court construes the complaint to

4    be challenging the securitization of the note and attempting to quiet title.

5         *A.     Securitization*

6         "Since the securitization merely creates a separate contract, district from plaintiffs' debt

7    obligations under the note and does not change the relationship of the parties in any way, plaintiffs'

8    claims arising out of the securitization fail." *Reyes v. GMAC Mortg. LLC*, no. 2:11-cv-100-JCM-

9    RJJ, 2011 WL 1322775, at *3 (D. Nev. Apr. 5, 2011).  The securitization argument has been

10   repeatedly rejected by this district because it does not alter or change the legal beneficiary's standing

11   to enforce the deed of trust.  The plaintiffs' securitization challenge fails to state a claim and is

12   dismissed.

13        *B.     Quiet Title*

14        Plaintiffs appear to assert a claim to quiet title. "A trustor cannot quiet title without

15   discharging his debt. The cloud upon his title persists until the debt is paid."  *Lopez v. Bank of*

16   *America, N.A.*, 2:12-cv-801-JCM-CWH, 2013 WL 1501449, at *3 (D. Nev. April 10, 2013)

17   (applying Nevada law). "The purpose of a quiet title action is to establish one's title against adverse

18   claims to real property or any interest therein." *Hafiz v. Greenpoint Mortg. Funding, Inc.*, 652

19   F.Supp.2d 1039, 1049-50 (N.D. Cal. 2009). In a quiet title action, the burden of proof rests with the

20   plaintiff to provide good title in himself. *Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318

21   (Nev. 1996).

22        First, plaintiffs have not alleged that they have free and clear title to their property. Secondly,

23   they have not alleged any adverse interest they are seeking to quiet. A lien against their property, held

24   as security by either defendant or anyone else, is not an interest adverse to their own. Both interests

25   may exist in harmony, for one is a present interest and one is a future interest. For a plaintiff to quiet

26   title, the plaintiff must show both that he holds good title to the property in question and that

27   defendant is making a claim adverse to his interest. Plaintiffs fail to plead either; therefore, they are

28

**James C. Mahan**
**U.S. District Judge**                                           - 4 -

1    not entitled to such relief.

2        C.    *Injunctive Relief*

3        Plaintiffs seek injunctive relief and reconveyance of the property. Injunctive relief is a remedy

4    and not a cause of action. *See Freeto v. Litton Loan Serv., LP*, no. 3:09-cv-754, 2011 WL 112183,

5    at *3 (D. Nev. Jan. 12, 2011) (dismissing claims for declaratory relief and permanent injunction

6    because those remedies may only "be afforded to a party after he has sufficiently established and

7    proven his claims"). Additionally, plaintiffs cannot show irreparable harm or a high enough

8    likelihood of success on the merits of any of the causes of action. Plaintiffs' claim for injunctive

9    relief is dismissed.

10       Accordingly,

11       IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Federal National

12   Mortgage Association's motion to dismiss (doc. # 4) be, and the same hereby, is GRANTED

13   consistent with the foregoing.

14       IT IS FURTHER ORDERED that defendant Bank of America's motion to dismiss (doc. #

15   9) be, and the same hereby, is GRANTED consistent with the foregoing.

16       IT IS FURTHER ORDERED that the complaint is dismissed without prejudice.  The clerk

17   of the court shall enter judgment and close the case.

18       DATED June 18, 2013.

19

20   _____
     UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**